Johnson, Justice.
(Dissenting.) — I am very well content that the judgment in this court should be reversed, as it went off below, on grounds which had little to do with the merits of the case. But I regret that no other grounds have been found for reversal than such as I feel it my duty to enter my protest against.
The truth of the case is, that the plaintiff below was precluded from introducing evidence of a secondary nature, under a rule of practice of five or six years’ standing in that circuit, the benefit of which was strenuously claimed by the opposite counsel. The court would have permitted the copy grant and copy power of attorney offered in evidence, to go to the jury, upon the proof of loss of the originals, which was introduced ; but as all the *157 [*244 evidence which can be adduced in such cases will be found very generally to leave the case subject to the possibility that the deed (except in cases of positivo destruction) may still be in the party’s own hands, or of another for him ; the experience of that court, as well as the practice of the state courts, and the received doctrine, that such proof is addressed to the legal discretion of the judge, *had caused that court to require, by rule, the expurgatory oath of the party, in a presci’ibed form, such as any man may take in an honest case. An affidavit of the plaintiff was tendered, but not in the form prescribed, and in a form which did not amount to a substantial compliance with the rule ; since, the affidavit so tendered might have been made consistently with truth, and yet the deed may, by possibility, have been delivered into the keeping of the affiant’s next-door neighbor ; at least, so it appeared to that court. It is true, it was of old date, and even antecedent to this suit; but then the plaintiff was still in life, and at any hour within the six years since the rule was adopted, might have amended it.
It appears by the first bill of exceptions, that at the trial, the plaintiff’s counsel first offered in evidence a certified copy of the grant, without offering, in any mode whatever, to account for the absence of the original; not even the defective expurgatory oath, already noticed ; so that, non constat, but that the original was then on the table before him. The defendant’s counsel objected, on the ground, “that such exemplification could not be received, until the original grant or patent was proved to be lost or detroyed, or the non-production thereof, otherwise legally explained or accounted for.” This doctrine the court sustained ; and this is now to be overruled, and the doctrine established, that “in the state of Georgia, a copy of a grant, certified by the secretary of state, is of the same dignity' with the original grant, and^er se evidence in ejectment.”
Although I do not know that it would make any difference in the law of the case, yet it is necessary to examine this bill of exceptions carefully, to understand its true meaning. The copy tendered has been supposed to be authenticated under the seal of the state, and the printed brief states it to be under the great seal. The word great is not in the exception, and as the whole matter thus set out is made part of the bill of exceptions, by referring to it, it will be seen that the seal is only appended to the governor’s certificate to the character of the officer who certifies it; and his certificate only goes to the fact, that the writings exhibited, are true copies from the record-book of surveys and the register of grants. It is hot then ^'certified, that such a grant was made or issued, but only that the above is a *- “true copy from tin; register of grants which I propose to show is only a certified copy of a copy.
But the general principle involved in this decision is one of infinitely greater importance than a mere rule of evidence. It is no less than this ; how far each state is to be permitted to fix its own rule of evidence, as applicable to its own real estate. The course of reasoning, I presume, on which this doctrinéis to be fastened uj>on the jurisprudence of Georgia, is this : “ such is the doctrine of the common law ; and the common law being the law of Georgia, ergo, such must be the law of Georgia.” But, until better advised, I must maintain, that neither the major nor minor proposition here can be sustained ; that the one is incorrect in the general, the *158 other true only in a modified sense ; and in that sense, will not support the doctrine of this bill of exceptions.
If it be the correct sense of the common law, that the exemplification of a patent is as good evidence as the patent itself, I am yet to be made acquainted with the authority that sustains the doctrine. I am sure, that Pages Case, 5 Co. 53, commonly cited as the leading case in its support, establishes no such principle. It relies expressly on the British statutes, for the sufficiency of the exemplification of the patent, and the right to use it in the profert, and the exemplification is introduced into the cause, in order to correct an alteration that had been made in the date of the original patent, the original being then also before the court.
But it would be a waste of time, to run over cases upon this question, when we know that the force or authenticity given to such exemplifications is derived from the statutes 3 & 4 Edw. VI., c. 4 ; and 13 Eliz., c. 6 ; and then only of patents since 27 Hen. VIII. Now, how is it possible, that such secondary evidence should have been good at common law, and yet need the aid of those statutes to sustain it ? In the passage in the Institutes on this subject, the introduction of these exemplifications of patents is expressly treated as an exception to the general rule. Co. Litt. 225 ; Harg. Co. Litt. 314. That a patent is proved by its own seal, we find *laid -* down in many places, and has always been the law of Georgia.
On the other member of this syllogism, it is not to be questioned, that in Georgia, as well as in every other state in the Union, the common law has been modified by local views, and settled judicial practice. So that, were it generally true as laid down, that at common law, the copy of the grant was equal in dignity as evidence to the original, still, unless so recognised in Georgia, it is not the law of Georgia. Now, to say nothing of my own “ lueubrationes viginti annorumf there is not a professional man in Georgia, who does not know, that such has never been the rule of judicial practice in that state. I may subjoin, in form of a note, the most ample proof on this subject, and there is a reason in the practice of their land-office for this principle, which is too well known to every man in that country, to leave a doubt of the correctness with which they have applied the rules of evidence to their actual practice in the trial of land causes. I make no doubt, that there are, at this moment, thousands of grants lying unclaimed in the land-office, every one of which has been copied into the register. The truth is, the grant is a separate thing from the true original; and tha fae-simile of it (if it may be so called in the register) is nothing more than a copy ; so that the paper here dignified with the epithet of an exemplification is nothing more than a copy of a copy, and therefore, always considered, in practice, as evidence of an inferior order.
The courts of that state have latterly relaxed in requiring evidence of loss ; but even at this day, such evidence cannot be received in any of their courts, without an affidavit from the party presenting it, of his belief in the loss or destruction of the original: And there are other reasons in support of this practice : for instance, suppose, the copy on the register of grants should be found variant from the original, without imputation of fraud in the latter, it is unquestionable, that the original must prevail. So also, in case of interlineation, erasure or alteration of the original, why should the *159 party be permitted to escape the penalties of the law, bj suppressing it, and producing a correct copy from the register ?
The second bill of exceptions goes to the exclusion of the *copy p,.^ deed, for want of a substantial compliance with the rule of court. If *- this court mean to express the opinion, that the rule was substantially complied with, it is one of those mere matters of opinion, which are not to be argued down. Certainly, the defect already mentioned is imputable to the affidavit that was tendered ; and there was no want of time to have made it conform to the rule. But if it be insisted, that the court transcended its powers in making such a rule, then, may the practice of the state and United States courts from time immemorial, and the actual existing practice of the courts of the states at this day, as well as the reason of the thing, be urged in its' vindication ; and if it be objected, that the case was one in which the court below might have relaxed its rule ; then it may be fairly asked, how is it possible for one mind to dictate to another on such a subject? It is an exercise of discretion, which can be limited and directed by no fixed rule.
This cause came on to be heard, on the transcript of the record from the circuit court of the United States for the district of Georgia, and was argued by counsel: On consideration whereof, it is considered and ordered by this court, that the circuit court erred in refusing to allow the exemplification of the grant to Basil Jones, mentioned in the record, to be read in evidence as in the exceptions of the plaintiff is mentioned. Whereupon, it is ordered and adjudged by this court, that the judgment of the said circuit court in this cause be and the same is hereby reversed, and that this cause be and the same is hereby remanded to the said circuit court, with instructions to award a venire facias de novo.[1]